KORNEGAY *v.* WARREN.

━━━━━━━

KELLY KORNEGAY AND CHARLES C. HOOKS, TRADING AS GOLDSBORO NEON SIGN COMPANY v. B. S. WARREN, TRADING AS BOBBY'S CHICKEN KING.

(Filed 24 March, 1965.)

Evidence § 58—

In an action to recover the contract price of an advertising sign erected for defendant, it is competent upon cross-examination to question defendant concerning a prior transaction in which defendant did not pay plaintiffs for a sign until suit was brought, the question being within the bounds of permissible cross-examination as bearing on credibility.

APPEAL by defendant from *Parker, J.,* September-October 1964 Session of WAYNE.

Plaintiffs alleged they constructed and installed a billboard sign for defendant in full compliance with the terms of their written contract (Exhibit A) for which defendant, as provided in said contract, was obligated to pay the sum of $772.44 but refused to do so. Defendant, answering, admitted it entered into said contract, but asserted the billboard constructed and installed by plaintiffs did not comply in certain particulars with the specifications set forth therein. Appropriate issues were submitted to the jury and answered in favor of plaintiffs. Judg-

ment for plaintiffs in accordance with the verdict was entered. Defendant excepted and appealed.

*Langston & Langston for plaintiff appellees.*
*Edmundson & Edmundson for defendant appellant.*

PER CURIAM. The court, during the cross-examination of defendant, permitted plaintiffs' counsel, over objection, to question defendant concerning a prior transaction in which defendant did not pay plaintiffs for a sign until plaintiffs brought suit and recovered judgment therefor. All of defendant's assignments of error are based on exceptions to said rulings. When considered in the context of all the evidence herein, the questions to which defendant objected were permissible on cross-examination as bearing on the credibility of his testimony. Moreover, the testimony elicited thereby was of minimal significance.

No error.